# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAYAN ABRAHAM CARPIO GUTIERREZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 1:26-cv-04940-JLT-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS AND DENY RESPONDENTS' MOTION TO DISMISS<br><br>(ECF Nos. 1, 9)<br><br>ORDER DENYING PETITIONER'S MOTION TO APPOINT COUNSEL<br><br>(ECF No. 3) |

Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is a citizen of Peru who entered the United States, encountered Border Patrol, was enrolled in the Alternatives to Detention Intensive Supervision Appearance Program, and was paroled from custody due to lack of bedspace on December 5, 2022. (ECF No. 1 at 5; ECF No. 9-1 at 2, 3.[1]) After Petitioner was arrested and charged by local authorities for possession of a stolen vehicle, he was re-detained by Respondents and placed in removal proceedings on January 26, 2026. (Id. at 3, 6–9.)

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

On March 18, 2026, Petitioner filed his first petition for a writ of habeas corpus. On May 15, 2026, the Court granted the petition and ordered that within twenty-one days Petitioner be provided "with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where 'the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond,' *Id.* at 1203." Gutierrez v. Warden, California City Corr. Ctr., No. 2:26-CV-00963-JLT-SAB, 2026 WL 1362992, at *1, 2 (E.D. Cal. May 15, 2026).

On May 29, 2026, an immigration judge ("IJ") held a bond hearing and denied bond, finding that the Department of Homeland Security proved by clear and convincing evidence that Petitioner is a flight risk. (ECF No. 9-1 at 11.) Petitioner waived his right to appeal the bond decision. (Id. at 12.)

On June 26, 2026, Petitioner filed his second petition for writ of habeas corpus. (ECF No. 1.) On July 20, 2026, Respondents filed a motion to dismiss. (ECF No. 9.) To date, no opposition or statement of non-opposition to the motion to dismiss has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

### A. Statutory Authority of Petitioner's Detention

"Respondents' position is that Petitioner is subject to the mandatory pre-order detention statute, 8 U.S.C. § 1225(b). Petitioner entered the United States illegally is thus an 'applicant for admission' who is subject to mandatory detention." (ECF No. 9 at 2.) This Court previously rejected Respondents' position in granting Petitioner's first habeas petition. Gutierrez, 2026 WL 1362992, at *1. "Time and again, this Court and others have found that when a petitioner is encountered at the border and subsequently released on parole, that individual is *not* an 'applicant for admission' under 8 U.S.C. § 1225, but is instead detained pursuant to 8 U.S.C. § 1226(a)." Arias Matos v. Warden of the California City Detention Center, No. 1:26-CV-07891-JLT-SAB, 2026 WL 3216371, at *4 (E.D. Cal. Oct. 27, 2026).

**B. Exhaustion**

Respondents argue that the petition should be dismissed because "Petitioner was already granted a bond hearing, and he failed to exhaust administrative remedies in challenging the IJ's decision." (ECF No. 9 at 4.)

> As a prudential matter, habeas petitioners must exhaust available judicial and administrative remedy remedies before seeking relief. 28 U.S.C § 2241; *see also Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001), overruled on other grounds by *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 126 (2006). Courts may require exhaustion as a prudential matter when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal citations and quotations omitted). If a petitioner fails to exhaust prudentially required administrative remedies, then "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).
>
> However, because exhaustion is not jurisdictional, the requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)). "The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of these *Laing* factors applies." *Aden v. Nielsen*, No. C18-1441RSL, 2019 WL 5802013, at *2 (W.D. Wash. Nov. 7, 2019).

Singh v. Warden, No. 1:26-CV-00172-JLT-EPG, 2026 WL 1328508, at *3 (E.D. Cal. May 13, 2026). Here, however, Petitioner asserts a prolonged detention due process claim and does not challenge the IJ's denial of bond. Accordingly, the Court recommends finding that the prudential exhaustion requirement should be waived. See Medvezhov v. Warden, Golden State Annex Det. Facility, No. 1:26-CV-05918-KES-SAB (HC), 2026 WL 2234501, at *2 (E.D. Cal. Aug. 3, 2026) ("Petitioner raises a constitutional claim, and the immigration court does not have jurisdiction to address constitutional issues."); Gagik T. v. Chestnut, No. 1:26-CV-04337-MWJS, 2026 WL 1837413, at *2 (E.D. Cal. June 25, 2026) ("When, as here, the remaining claim is a constitutional one beyond the agency's competence to resolve, the prudential exhaustion requirement does not bar review.").

///

**C. Prolonged Detention**

Here, as set forth in section II(A), *supra*, Petitioner is subject to discretionary detention under 8 U.S.C. § 1226(a). "The detention of aliens during removal proceedings has long been upheld as a permissible exercise of the political branches' authority over immigration. Section 1226(a) offers substantial procedural protections to detained persons," and the Ninth Circuit has held that "§ 1226(a)'s procedures satisfy due process[.]" Rodriguez Diaz, 53 F.4th at 1193, 1213. The Ninth Circuit has held that due process did not require a second bond hearing at which the government bears the burden of proof by clear and convincing evidence for a petitioner detained under § 1226(a) fourteen months after his first § 1226(a) hearing was held. Id. at 1203–14. Although Rodriguez Diaz did "not foreclose all as-applied challenges to § 1226(a)'s procedures," Petitioner does not demonstrate that his case is distinguishable from Rodriguez Diaz. Id. at 1213. Petitioner has been detained for nine months and had an individualized bond hearing five months ago. Accordingly, the Court recommends finding that Petitioner is not entitled to habeas relief on his prolonged detention due process claim.

**D. Motion to Appoint Counsel**

Petitioner has moved for appointment of counsel. (ECF No. 3.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, the Criminal Justice Act authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). In light of the Court's conclusion that the petition should be denied, the Court finds that the likelihood of success on the merits does not warrant appointment of counsel.

///

///

///

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus (ECF No. 1) be DENIED; and
2. Respondents' motion to dismiss (ECF No. 9) be DENIED.

Further, Petitioner's motion to appoint counsel (ECF No. 3) is DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 30, 2026**

STANLEY A. BOONE
United States Magistrate Judge